Lewis McDuff v. The State.

No. 6467. Decided November 16, 1921.

Rehearing denied January 18, 1922.

**1.—Robbery—Special Venire—Capital Offense—Firearms.**

Where the indictment for robbery makes no reference to the use of firearms, and the case was not submitted as a capital offense, there was no error in refusing a special venire. Following Gonzales v. State, 88 Texas Crim. Rep., 250.

**2.—Same—Sufficiency of the Evidence—Continuance—Motion for New Trial.**

Where appellant complained of the court's action in overruling his application for continuance, but the motion for new trial showed that the alleged absent witness would not give the testimony as alleged in the applica-

tion for continuance, there was no error in the court's overruling the motion for new trial.

### 3.—Same—Rehearing—Continuance—Alibi—Conclusion.

Where, upon trial for robbery, defendant in his application for continuance gave no details as to the hour of day at which he was at the place alleged in his application, and it is only a conclusion upon which he relies that he was there when the offense was committed, the same was properly overruled.

### 4.—Same—Motion for New Trial—Practice on Appeal—Rehearing—Discretion of Court.

Where appellant in his motion for rehearing again contended that his application for continuance should have been granted, but in the light of the facts developed upon the trial and upon the hearing of the motion for new trial, the action of the trial judge in overruling the motion for new trial was clearly not an abuse of discretion, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of robbery; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Ed. B. Freeman, Howard H. Dailey* and *J. T. Kelley,* for appellant.— On question of continuance: Covey v. State, 23 Texas Crim. App., 388; Land v. State, 34 Texas Crim. Rep., 330; Gaines v. State, 150 S. W. Rep., 199.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for robbery; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

The indictment makes no reference to the use of fire-arms; and the case was not submitted to the jury as a capital offense. There was no error in refusing a special venire. Gonzales v. State, 88 Texas Crim. Rep., 250.

The robbery was committed at night-time, and the appellant was definitely identified by the injured party as the perpetrator of the offense. He lived nearby and was well-known to the witness.

Appellant testified to the defense of alibi. His testimony on the subject was indefinite as to the time of the day, but in it he said that he went to the house of his sister-in-law, Mattie Parton, and made some coffee. He presented an application for a continuance on account of the absence of Mattie Parton, who, at the time of the trial, was alleged to have been sick. A subpoena was issued and served upon her upon the day of the trial. The application was indefinite and alleged in general terms that at the time of the offense, appellant was at the home of Mattie Parton. It appears from the facts developed

that the appellant, the injured party and Mattie Parton were all residents of the same locality. The affidavit of the witness to the effect that she would not give the testimony was used on the motion for new trial. We are unable to conclude that in overruling the motion to contime or the motion for a new trial the court abused the discretion which is vested in it by law.

No error appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING

January 18, 1922.

MORROW, Presiding Judge.—We must reiterate our conclusion that the record reveals no error warranting reversal.

The state's witness fixes the time and place of the robbery and definitely identifies the appellant as its perpetrator. It took place on the 28th of February between sundown and dark.

In his application for a continuance, it is asserted that the absent witness, Mattie Parton, would testify that at the very time the offense was committed, the appellant was at the home of the witness and not in proximity to the place of the commission of the offense. No details are given in the application as to the hour of the day at which the appellant was at the witness' house, but the conclusion is relied upon that he was there when the offense was committed.

Appellant says that on the day of the robbery, he worked for a man named Cramer; that he spent his nights on Taylor Street near the home of Vale, the injured party; that he did not rob Vale; that he first learned of it when he was told that his step-son Miller had been arrested for it; that when he quit work on the day in question, he went to "Frank's" house; that he and Frank went and got some coffee and returned to the house of Mattie Parton and made some coffee.

Cramer, appellant's employer, was not called as a witness. The time that he left his work is not revealed by appellant; the person whom he calls "Frank", who, from his testimony, was with him at the time he was at the home of the absent witness Mattie Parton, is not called as a witness, and appellant's testimony does not designate the hour he claims to have been at her house. From the qualification of the bill, it appears that the absent witness, Mattie Parton, who was a sister-in-law of the appellant, made an affidavit, which was used on motion for new trial, to the effect that she would not give the testimony imputed to her in the motion for a continuance.

In the light of the facts developed uopn the trial and upon the hearing of the motion for new trial, the action of the trial judge, in overruling the motion, was clearly not an abuse of his discretion.

The motion for rehearing is overruled.

*Overruled.*